(Superior Court of Cincinnati.)

STATE OF OHIO ex rel. WILLIAM M. AMPT, for the Benefit of Hamilton County, Ohio, v. EUGENE LEWIS, Auditor of Hamilton County, Ohio, and TILDEN R. FRENCH, Treasurer of Hamilton County, Ohio.

---

Section 1005, Revised Statutes of Ohio, requiring detailed statements of moneys needed for county purposes to be furnished by the county auditor to the county commissioners, and section 1007, Revised Statutes, requiring detailed appropriations to be made by the county commissioners, are mandatory; and expenditures intended to be made in the absence of a compliance with said sections will be enjoined.

---

JACKSON, J.

The questions to be determined in this case arise upon a demurrer to the petition. Three grounds are relied upon in support of the demurrer, viz., first, that the plaintiff has not legal capacity to sue; second, that the petition does not state facts sufficient to constitute a cause of action; third, that the several causes of action are improperly joined.

The defendants did not in oral argument or in their brief submitted herein insist upon the first and third grounds of the demurrer, and the consideration will therefore be limited to the second ground, namely, that the petition does not state facts sufficient to constitute a cause of action.

The petition alleges in substance that there are certain outstanding claims against the county and against the judiciary fund thereof, as follows: Thomas H. Darby for $208.34 for salary as first assistant prosecuting attorney for October, 1898; William Steinheim for $46.16 for services as clerk of the prosecuting attorney for

two weeks ending November 19, 1898; Victor H. Schaefer for $23.8 for services as assistant clerk to the prosecuting attorney for two weeks ending November 19, 1898; Louis J. Fehr for $38.46 for services as secret service employe to said prosecuting attorney for two weeks ending November 19, 1898. It is also alleged that there will be due on or about January 1, 1899, the sum of $291.67 to John C. Schwartz, salary as prosecuting attorney for December, 1898; to Raymond Ratliff second assistant prosecuting attorney on or about November 27, 1898, the sum of $150.00, salary from October 27, 1898, to November 27, 1898, to George W. Ryan, for services as secret service officer to said prosecuting attorney on or about November 30, 1898, for the month of November, 1898, $125.00.

It is also alleged that there is now in the judiciary fund of the county in the hands of the treasurer the sum of $34,764.78, as the unexpended part of the taxes levied by the county authorities in 1897, for judiciary purposes, and that "it is the intention of said auditor, and unless restrained by injunction of this court, he will draw his warrant, directed to said treasurer, and against said judiciary fund in favor of each and every holder of claims now outstanding as above set forth."

It is also alleged that the "county auditor did not on or before the first Monday of April, 1897, for the year 1898, nor on or before the first Monday of April, 1898, for the year 1899, nor at any time furnish or submit any statement to the board of county commissioners and the board of control, or either of them, containing an approximate detailed, or any statement of the moneys needed either in 1898 or 1899, to pay the lawful expenses of the county for judiciary purposes. * * * Nor did said county auditor furnish or submit to, or cause to be furnished to said board, or either of them any statement estimating the total percentage deemed necessary to be levied in the year 1897 for 1898, or in 1898 for 1899."

It is also alleged that "the county

commissioners of said county did not in the first week of May, 1897, for the year 1898, nor in the first week of May, 1898, for the year 1899, nor at anytime in either of said years, either with or without the approval of the board of control of said county, nor at any other time make any detailed specific, or any other appropriation whatever for the twelve months next thereafter ensuing in either case, or for any period whatever for judicial purposes." "Plaintiff says that on the contrary neither estimate nor appropriation were made for either of said years 1898 or 1899, as required respectively by sections 1005 and 1007 for any county purposes whatever."

"Wherefore plaintiff prays the court to restrain the said auditor from drawing and the said treasurer from paying any moneys from the judiciary fund of said county for any purpose whatever, and especially from paying any of the claims now due as herein set forth."

The question raised by the demurrer involves a consideration of the scheme or plan adopted by the legislature for estimating the necessary and proper expenses of the county, and levying, by way of taxes, the proper percentage necessary to meet the expenditures called for by the estimate, and also for making appropriations for such expenditures.

Section 1005, subdivision 5, requires the county auditor to submit to the board of commissioners and the board of control on or before the first Monday of April of each year a statement containing, among other things, an appropriate and detailed estimate of the money needed to pay all lawful expenses of the county in its several departments, officers and institutions for the twenty months following said first Monday of April.

Section 1006 is as follows: "The several members of the two boards aforesaid shall examine and revise said statements carefully and ten days after said first Monday of April the board of commissioners shall first meet and determine the total tax levy they deem necessary for that year which they shall apportion to the

several funds; but not higher however in total levy than that estimate by the auditor, and this action of theirs they shall transmit to the board of control for its approval, amendment or rejection within the limits aforesaid.''

That part of section 1007 with which we have to deal is as follows: "The commissioners shall make in the first week of May of each year detailed and specific appropriations for the several objects for which the county has to provide, apportioned to months, of the moneys known to be, or estimated to come into the treasury during the twelve months next ensuing, including in their estimate the next semi-annual December collection of taxes, and being careful to provide in their appropriations for every legitimate county expenditure, and apportion the means fairly among all of them."

Section 1008 is as follows: "To enable the county auditor and the two boards aforesaid to estimate correctly the levies and appropriations aforesaid the authorities of the county institutions as well as every head of a department or office in the county, for whose wants provision is to be made, shall report to the auditor on or before the first Monday of March in each year, the amount of money needed for their respective wants for the ensuing year, said estimate to be given for each month; the auditor as well as the two boards shall revise them, and if deemed proper, reduce them so as to bring them within fair limits to the other expenditures required for the county or its business."

Section 1009 provides that "No liability whatever shall be created against any county embraced within the provisions of this chapter, and no expenditure shall be made for the same, unless it is previously covered by an appropriation and sanctioned both by the board of commissioners and board of control, each being separately assembled in lawful meetings at the court-house."

The claim of the defendants herein is that the provisions of the statutes in question are not mandatory, but directly only, and consequently, that the failure of the county auditor and the county commissioners to comply with the provisions aforesaid do not invalidate their acts. But this question has been determined by this court in the case of Ampt v. City, 5 Nisi Prius, 98, in an opinion by Judge Smith. It was contended in that case that an ordinance of the city appropriating so much money for each month for water-works purpose, but without any explicit, specific or detailed statement of the objects, uses or purposes to be provided for, or of the item of expense to be incurred under such appropriation, did not satisfy the requirements of section 2690h, R. S., which is similar for municipal purposes to section 1007. Syllabus 2, in that case, is as follows: "The provisions of the statutes which require in cities of the first grade of the first class that before any expenditures are made for each fiscal year there shall be an estimate made by the auditor, the board of legislation and the board of supervisors, and subsequently semi-annual appropriations by the board of legislation for the several objects for which the city has to provide, apportioned to each months of the moneys known to be in the treasury, or estimated to come into it, are mandatory, and unless complied with the city authorities will be enjoined at the instance of a taxpayer from the expenditure of the city's funds."

The reasons for so holding are clearly pointed out in the opinion of Judge Smith in syllabus 5 as follows:

"The main purpose of the legislation upon this subject was to secure an economical expenditure of the public fund for these objects only which a wise and prudent foresight would deem necessary; and to this end to compel city officials in advance of expenditures to make public declarations of the amounts and objects for which they propose to make expenditures, so that public attention and criticism might be directed to the same. Such being the purpose of the statutes, the court should give them a

liberal construction in the interest of the public."

The same doctrine was announced by this court in the case of Stem v. The City of Cincinnati, 6 Nisi Prius, 15, in which case it was held that an ordinance, appropriating ten thousand dollars which merely states that it is "for extra expenses to be incurred during the grand army republic encampment in Cincinnati" is not sufficiently detailed and specific to meet the requirements of said section 2690h. Syllabi 2, 3 and 4 in that case are as follows: (2) "On matters of taxation where the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by disregard of which his rights might be and generally would be injuriously affected, such requisitions are not directory, but mandatory." (3) "The estimates required by sections 2690a to 2690q and the appropriations therein provided for are mandatory, so far as any municipal expenditure is concerned. Whether the failure to observe them would effect the validity of the tax levy, query?

(4) "The requirement of the statute that the appropriating ordinance shall be detailed and specific is also mandatory."

In the Stem case, Judge Smith announcing the opinion of the court again adopts and reiterates the reasoning in the case of Ampt v. City, supra. But if there was any question as to section 1007 in the present case being mandatory, we think it is determined by the legislature itself in section 1009, which provides that "no liability whatever shall be created against any county embraced within the provisions of this chapter, and no expenditure shall be made by the same unless it is previously covered by an appropriation, and sanctioned both by the board of commissioners and board of control, each being separately assembled in lawful meeting at the court-house.

It is also contended by counsel for defendants that no appropriation is necessary in this case, inasmuch as the salary of the prosecuting attorney and his first and second assistants are fixed by statute. But it will be noted that section 1297 does not absolutely fix the salary of the prosecuting attorney, but provides that the salary of the prosecuting attorney in Hamilton and Cuyahoga counties shall be fixed by the commissioners and not to exceed the sum of $3,500 per annum. So also in section 1271, which provides that the salaries of the first and second assistant prosecuting attorneys shall be fixed by the judges appointing them not exceeding in Hamilton county $2,500 to the first assistant or $1,800 to the second assistant. Nor are we prepared to say that even if the salaries were absolutely fixed by law, that the auditor would be relieved from the necessity of including the amount in his estimates to the commissioners, or that the commissioners would be relieved from making detailed and specific appropriation covering the same. Section 1006 provides that the board of county commissioners and the board of control shall meet ten days after the first day of April in each year and determine the total tax levy they deem necessary for that year; consequently, such estimates would be statistical, and necessary for an intelligent tax levy and for an appropriation. It is also worthy of notice that section 1007 makes it the duty of the county commissioners to provide in their appropriations for every legitimate county expenditure. Consequently, if they refuse or fail to make the appropriation for the salary of an officer filed by law, they could be compelled to do so by mandamus. Even if the salaries were absolutely fixed by law, we think the reasoning of the court is the cases of Ampt v. City and Stem v. City, supra, viz., that detailed and specific appropriations are necessary for the purposes of advising the public and inviting public criticism, applies with full force here.

It follows that the demurrer must be overruled at defendants' cost.

Wm. M. Ampt, for Plaintiff.

Rendings, Foraker & Dinsmore for Defendants.